## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DESCO STRICKLAND,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Civil Action No. 1:09-cv-940

Bertelsman, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe,

Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case

is before the Court on the petition, respondent's return of writ with exhibits, and petitioner's reply

to the return of writ. (Docs. 3, 8, 13).

### I. PROCEDURAL HISTORY

#### State Trial Proceedings

Petitioner was convicted upon entry of guilty pleas to criminal charges brought in three

separate cases before the Hamilton County, Ohio, Court of Common Pleas.

In the first case, No. B0611308, the grand jury returned an indictment on December 14, 2006

charging petitioner with one count of possession of cocaine in violation of Ohio Rev. Code §

2925.11(A). (Doc. 8, Ex. 1). On January 5, 2007, petitioner entered a guilty plea to the charge.

(Doc. 8, Ex. 2). On February 7, 2007, he was sentenced to four years of community control. (Doc.

8, Ex. 3).

In the second case, No. B0703050, petitioner was indicted on April 20, 2007 on one count

of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A). (Doc. 8, Ex. 4). He again

entered a guilty plea to the charge and was sentenced on May 22, 2007 to a four-year term of

community control. (Doc. 8, Exs. 5-6).

In the third case, No. B0706816, petitioner was indicted on August 17, 2007 on two counts of robbery in violation of Ohio Rev. Code § 2911.02(A)(2) and one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) with firearm specifications. (Doc. 8, Ex. 7). On November 20, 2007, petitioner entered a guilty plea to one of the robbery charges, the aggravated robbery count and a one-year firearm specification in exchange for the dismissal of the remaining robbery charge and a three-year firearm specification. (*See* Doc. 8, Ex. 8 & Ex. 36, Tr. 70).

On December 19, 2007, petitioner was sentenced in Case No. B0706816 to an aggregate prison term of twelve (12) years.[1] (Doc. 8, Ex. 9). On the same date, the trial court also issued separate entries in Case Nos. B0703050 and B0611308 revoking petitioner's community control and sentencing petitioner to twelve-month prison terms to be served concurrently with each other and the sentence imposed in Case No. B0706816. (Doc. 8, Exs. 10-11).

**State Appeal Proceedings**

Petitioner did not perfect a timely appeal to the Ohio Court of Appeals. However, he was granted a delayed appeal by the Ohio Court of Appeals, First Appellate District, which also appointed counsel to represent petitioner on appeal. (*See* Doc. 8, Brief, p. 3 & Ex. 12). Petitioner's counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), wherein she stated: "A review of the record reveals no discernable error on the part of the Court on the record.... Counsel can find no meritorious assignment of error to bring to the Court's attention." (Doc. 8, Ex. 13). Counsel requested that the court conduct an independent review of the record and attached a letter from petitioner citing certain issues to consider. (Doc. 8, Ex. 13, p. 2).

---

[1]Specifically, petitioner was sentenced to the following consecutive terms of imprisonment: five (5) years for the robbery offense; six (6) years for the aggravated robbery offense; and one (1) year for the firearm specification.

Thereafter, petitioner filed a *pro se* memorandum opposing counsel's *Anders* brief and requesting permission to file his own *pro se* appeal. (Doc. 8, Ex. 14). The Ohio Court of Appeals construed the pleading as a motion for leave to file an addendum to counsel's appellate brief and granted petitioner permission to file an addendum raising additional legal issues for consideration by the court. (Doc. 8, Ex. 15).

Petitioner submitted an addendum to the appellate brief, which was accepted for filing. (Doc. 8, Ex. 18). In the addendum, petitioner asserted as assignments of error that (1) his guilty plea in Case No. B0706816 was not entered knowingly, intelligently and voluntarily because he was not given accurate information regarding the maximum sentence he could receive due to the trial court's failure to comply with Ohio R. Crim. P. 11(C)(2)(a); and (2) his trial counsel was ineffective for failing to file a "motion to compel election of dismissal of the specification counts contained in the indictment" when petitioner entered his guilty plea in Case No. B0706816, as well as for failing to challenge the "over-charges" contained in that indictment. (*See* Doc. 8, Ex. 18).

Petitioner thereafter filed a motion for leave to supplement his *pro se* appeal brief, which was overruled by the state appellate court. (Doc. 8, Exs. 19-20). On March 11, 2009, the Ohio Court of Appeals issued a Judgment Entry affirming the judgment and sentence of the trial court. (Doc. 8, Ex. 21). In its ruling, the court expressly found upon review of the "complete record" that petitioner entered his guilty plea following a "proper and complete Crim. R. 11 colloquy," and further concluded that petitioner's appeal was "without merit" and "wholly frivolous." (Doc. 8, Ex. 21). The court also held: "[W]e are satisfied that Strickland's counsel has provided him with a diligent and thorough search of the record and has correctly concluded that the proceedings below were free of prejudicial error." (Doc. 8, Ex. 21, p. 2).

Respondent states in the return of writ that petitioner did not attempt to appeal the Court of

3

Appeals' Judgment Entry to the Ohio Supreme Court. (Doc. 8, Brief, p. 4). Instead, on April 21, 2009, petitioner filed motions with the Ohio Court of Appeals seeking leave to file a "belated written argument" on appeal. (Doc. 8, Exs. 22-23). The court overruled the motions on May 6, 2009. (Doc. 8, Ex. 24).

### State Application To Reopen Appeal

On June 16, 2009, petitioner filed a *pro se* application with the Ohio Court of Appeals, First Appellate District, requesting that his appeal be reopened. (Doc. 8, Ex. 25). In the application filed pursuant to Ohio R. App. P. 26(B), petitioner claimed that his appellate counsel was ineffective for failing to "raise an obvious Crim. R. 11 violation on direct appeal." (Doc. 8, Ex. 25). Petitioner specifically contended that his appellate counsel should have asserted a claim challenging the trial court's failure to advise petitioner during the plea colloquy that by pleading guilty, he was waiving his right to a jury trial. (Doc. 8, Ex. 25).

On July 15, 2009, the Ohio Court of Appeals overruled the reopening application on the grounds that (1) petitioner had "failed to provide sufficient reasons for failure to timely file his application to reopen his appeal;" and (2) the issues raised in the reopening application had been addressed by the court in its March 11, 2009 Judgment Entry when evaluating the merits of the claim challenging the voluntariness of petitioner's guilty plea that was presented on appeal. (Doc. 8, Ex. 27).

Petitioner filed a timely *pro se* appeal to the Ohio Supreme Court from the state appellate court's ruling. (Doc. 8, Ex. 28). In his memorandum in support of jurisdiction, petitioner asserted two propositions of law:

> 1. When a trial court fails to strictly comply with the duties of Crim. R. 11(C)(2)(c), the accused's plea is invalid. And where counsel fails to raise the issue of his invalid plea on direct appeal, the accused is not afforded effective assistance of appellate counsel.

> 2. When appellant ... handed his App. R. 26(B) application to the prison's mail room officials prior to the filing deadline, appellant cannot be prejudiced if the prison mail room officials wait until after the filing deadline to mail the application out.

(Doc. 8, Ex. 29).

On October 14, 2009, the Ohio Supreme Court of Ohio summarily dismissed the appeal "as not involving any substantial constitutional question." (Doc. 8, Ex. 31).

### Federal Habeas Corpus

Petitioner filed the instant habeas corpus petition in December 2009.[2]  (*See* Doc. 1).  He alleges two grounds for relief:

> **Ground One:**  Petitioner's guilty pleas are not knowing, intelligent or voluntary pleas because the trial court failed [to] strictly comply with the duties mandated by Ohio Crim. R. 11(C)(2)(c).

> **Ground Two:**  Petitioner was denied effective assistance of appellate counsel when counsel failed to raise the Ohio Crim. R. 11(C)(2)(c) violation on direct appeal.

(Doc. 1, pp. 6, 8).

In the return of writ filed in response to the petition, respondent concedes that the petition is not barred from review on statute-of-limitations grounds.  (Doc. 8, Brief, pp. 8-10).  However, respondent contends that petitioner has waived his claims for relief due to his procedural defaults in the state courts.  (Doc. 8, Brief, pp. 10-17).  Alternatively, respondent argues that petitioner's claims for relief lack merit.  (Doc. 8 Brief, pp. 17-22).

Petitioner has filed a reply to the return of writ, wherein he requests that an evidentiary hearing be held to determine whether or not relief should be granted.  (Doc. 13).

---

[2]It is noted that petitioner previously filed a federal habeas petition with this Court on February 28, 2008, around the same time that he sought leave to file a delayed appeal with the Ohio Court of Appeals, First Appellate District, from his convictions and sentences. (*See* Doc. 8, Ex. 32). In that habeas action, entitled *Desco Strickland v. Warden, Chillicothe Corr. Inst.,* No. 1:08cv131 (Barrett, J.; Hogan, M.J.), petitioner alleged that all three convictions are void because the Hamilton County court lacked jurisdiction to try him on criminal charges when no criminal complaint was filed or served on him. (Doc. 8, Ex. 32). On April 29, 2009, the petition was dismissed without prejudice at petitioner's request on exhaustion grounds. (*See* Doc. 8, Exs. 33-35).

## II. OPINION

### A. Petitioner Is Not Entitled To Relief Based On The Claim Alleged In Ground One Challenging The Validity Of His Guilty Pleas

In Ground One of the petition, petitioner alleges that his guilty pleas are invalid because during the plea colloquies, the trial court failed to advise him, as required by Ohio R. Crim. P. 11(C)(2)(c), that he was waiving his right to a jury trial by entering a guilty plea. (Doc. 1, p. 6 & "Memorandum In Support," pp. 1-2). Respondent contends in the return of writ that petitioner has waived this ground for relief because he did not raise it on appeal to the Ohio Court of Appeals; alternatively, respondent argues that the claim lacks merit. (*See* Doc. 8, Brief, pp. 11-15, 20-22).

"Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Fulcher v. Motley,* 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003)); *see also* 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). It is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claims to the state courts. *Fulcher,* 444 F.3d at 798; *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987).

As respondent has argued, petitioner did not raise the specific issue presented in Ground One when he challenged the voluntariness of his guilty plea in the delayed appeal that was granted by the Ohio Court of Appeals. Rather, he argued on appeal that his plea was involuntary because the trial court failed to adequately advise him about the maximum sentence he could receive. (*See* Doc. 8, Ex. 18). Therefore, a strong argument can be made that petitioner failed to

fairly present and thus procedurally defaulted the claim alleged in Ground One by failing to set forth the factual basis for the claim when challenging his guilty plea on appeal.

Nevertheless, petitioner did raise the specific claim alleged in Ground One when challenging his appellate counsel's representation in the state reopening proceedings. (*See* Doc. 8, Ex. 25). In denying the reopening application, the Ohio Court of Appeals indicated that it had addressed the issue when determining on appeal that petitioner's guilty plea followed a "proper and complete Crim. R. 11 colloquy" and that petitioner's appeal challenging the voluntariness of his guilty plea was "without merit" and "wholly frivolous." (*See* Doc. 8, Exs. 21, 27). In light of the appellate court's ruling in the reopening matter, the undersigned will assume, without deciding, that the claim alleged in Ground One was considered by the Ohio Court of Appeals on appeal and thus is not procedurally defaulted.

As an initial matter, to the extent petitioner claims in Ground One that he is entitled to relief based on the trial court's failure to strictly comply with Ohio R. Crim. P. 11, he alleges an issue of state-law only, which is not subject to review in this federal habeas proceeding. The federal habeas court has jurisdiction to review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Therefore, the allegation that the trial court violated an Ohio criminal procedural requirement during the plea-taking process is not a cognizable ground for federal habeas relief.

In addition, to the extent petitioner argues his guilty plea was not knowingly and

7

voluntarily entered because he was not adequately informed that he was waiving his constitutional right to a jury trial by pleading guilty, the record belies such an assertion. The Fourteenth Amendment's Due Process Clause guarantees that a guilty plea must be made voluntarily and intelligently with sufficient awareness of the relevant circumstances and likely consequences. *Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *see also Brady v. United States,* 397 U.S. 742, 748 (1970); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir.), *cert. denied,* 512 U.S. 1222 (1994). The voluntariness of a guilty plea must be assessed in light of all relevant circumstances surrounding the plea. *Brady,* 397 U.S. at 749; *King,* 17 F.3d at 153 (and cases cited therein).

In the instant case, the record demonstrates that petitioner was both informed and expressed that he understood that he was waiving his right to a jury trial by entering a guilty plea in all three criminal cases challenged in the petition. It appears from the record that in each case, petitioner executed a "waiver of trial by jury" form. (*See* Doc. 8, Ex. 36, Tr. 11, 29, 80). At petitioner's plea hearings, the trial court advised petitioner that by signing the document he was "acknowledging" that he had an "absolute right" to a jury trial, which he was "waiving or relinquishing" by allowing the matter to proceed by way of a plea. (Doc. 8, Ex. 36, Tr. 11-12, 29, 80-81). The court also specifically asked petitioner at each hearing whether that was his "understanding of the effect of signing a waiver of trial by jury." (Doc. 8, Ex. 36, Tr. 12, 29, 81). The record reflects that before accepting petitioner's waivers, the court ensured that petitioner, who responded affirmatively at each hearing to the question posed, understood the jury trial right he was giving up by proceeding with a guilty plea. (Doc. 8, Ex. 36, Tr. 12, 29, 81).

In addition, petitioner, who stated at each hearing that he was a high school graduate and could read, executed written plea agreements in each case, which were entered on the record with

8

the trial court. (*See* Doc. 8, Exs. 2, 5, 8 & Ex. 36, Tr. 10-11, 28, 79-80). In these agreements,

petitioner expressly averred that "by pleading guilty I give up my constitutional rights to a jury

trial, to confront witnesses against me, to have subpoenaed witnesses in my favor, and to require

the state to prove my guilt beyond a reasonable doubt at a trial which I cannot be compelled to

testify against myself." (Doc. 8, Exs. 2, 5, 8). The agreements also contained petitioner's

statement in conclusion that "I have read this form and I knowingly, voluntarily and intelligently

enter this guilty plea," as well as the following signed statement by petitioner's counsel: "I have

explained to the defendant prior to his/her signing this plea, the charge(s) in the indictment ..., the

penalties therefor and his/her constitutional rights in this case. I represent that, in my opinion,

the defendant is competent to enter this plea and now does so knowingly, intelligently and

voluntarily." (Doc. 8, Exs. 2, 5, 8).

There is no evidence in the record even remotely suggesting that petitioner was incapable

of understanding the jury trial right that he was relinquishing by pleading guilty. Nor has

petitioner cited or presented any evidence outside the record indicating that he was incapable of

understanding that he was waiving his right to a trial by jury when he signed the "waiver of trial

by jury" forms for the purpose of entering guilty pleas in the three criminal cases. Therefore,

petitioner is not entitled to an evidentiary hearing on the record-based issue; nor is he entitled to

habeas corpus relief based on the claim alleged in Ground One, which is belied by the record and

thus clearly lacking in merit.

### B. Petitioner Has Waived The Ineffective Assistance Of Appellate Counsel Claim Alleged In Ground Two Due To His Failure To File A Timely Reopening Application

In Ground Two of the petition, petitioner alleges that his appellate counsel was

ineffective because she filed an *Anders* brief instead of presenting an assignment of error

9

challenging the trial court's failure "to orally inform Petitioner ... of his constitutional right to a trial by jury" as required by Ohio R. Crim. P. 11(C)(2)(c). (Doc. 1, p. 8 & "Memorandum In Support," pp. 3-4; *see also* Doc. 13, p. 7). As discussed above in addressing Ground One of the petition, the underlying constitutional claim that petitioner contends should have been raised by counsel on appeal is belied by the record. In any event, it appears that petitioner has waived the ineffective assistance of appellate counsel claim alleged in Ground Two because of a procedural default, which was relied on by the state courts in overruling the assignment of error alleged in petitioner's application for reopening of the appeal.

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris v. Reed,* 489 U.S. 255, 260-62 (1989). The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

(1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).[3] In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the

---

[3]In *Harris*, the Supreme Court noted that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane*, 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* ... assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The *Harris* Court further noted: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

11

state courts is deemed "adequate" or, in other words, involves a "firmly established and regularly

followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24

(1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743,

751 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000)), *rev'd on other grounds,* 546 U.S. 74 (2005)

(per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507

U.S. 932 (1993). To be considered regularly followed, a procedural rule need not be applied in

every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401,

410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000), *cert. denied,* 531

U.S. 1082 (2001).

Finally, the state court's adequate and independent finding of procedural default will

preclude habeas corpus review of the petitioner's federal claims unless the petitioner can show

"cause" for the default and "prejudice" as a result of the alleged violations of federal law, or that

failure to consider the federal claims will result in a "fundamental miscarriage of justice."

*Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262; *see also Murray v. Carrier,* 477 U.S. 478,

485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87

(1977).

In this case, as respondent has argued in the return of writ (*see* Doc. 8, Brief, pp. 15-17),

petitioner procedurally defaulted the ineffective assistance of appellate counsel claim alleged in

Ground Two, which he raised to the state courts in his *pro se* application for reopening of the

appeal, because the Ohio Court of Appeals denied the application in part on the ground that it

was untimely. (Doc. 8, Brief, Ex. 27).

Ohio R. App. P. 26(B)(1) provides in pertinent part that a reopening application based on

an ineffective assistance of appellate counsel claim must be filed "within ninety days from

12

journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Here, petitioner failed to comply with that rule when he filed his application on June 16, 2009, a week after the 90-day period expired on June 9, 2009 from the March 11, 2009 appellate-judgment journalization date. (*See* Doc. 8, Exs. 21, 25).

The Ohio Court of Appeals was the only state court to issue a reasoned decision overruling petitioner's reopening application. The court actually enforced the state procedural bar by clearly and expressly stating as a ground for its decision that petitioner had "failed to provide sufficient reasons for failure to timely file his application to reopen his appeal" within the requisite 90-day period. (Doc. 8, Ex. 27). Although the state appellate court also concluded that the issues raised in the application had been addressed on appeal, the Supreme Court has held that federal habeas review is foreclosed even if the state court rules in the alternative on the merits of the federal claim. *See, e.g., Sochor v. Florida,* 504 U.S. 527, 533 (1992) (and cases cited therein); *Harris,* 489 U.S. at 264 n.10; *see also Coe v. Bell,* 161 F.3d 320, 330 (6th Cir. 1998), *cert. denied,* 528 U.S. 842 (1999).

The state appellate court relied on an independent and adequate state procedural ground in overruling the reopening application, because the 90-day filing deadline and "good cause" requirement set forth in Ohio R. App. P. 26(B) were "firmly established" and "regularly followed" by the time they were applied in this case. *See Monzo v. Edwards,* 281 F.3d 568, 577 (6th Cir. 2002). The Ohio Supreme Court's later unexplained entry summarily dismissing petitioner's appeal "as not involving any substantial constitutional question" must be presumed to rely on the same procedural default. *See Taqwiim v. Johnson,* 229 F.3d 1154 (table), No. 99-3425, 2000 WL 1234322, at **3 (6th Cir. Aug. 22, 2000) (citing *Levine v. Torvik,* 986 F.2d 1506, 1517 n.8 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), and *Ylst,* 501 U.S. at 803-04), *cert.*

13

*denied,* 531 U.S. 1089 (2001).

Petitioner has not demonstrated that failure to consider the ineffective assistance of appellate counsel claim alleged in Ground Two will result in a "fundamental miscarriage of justice," or in other words, that the alleged error "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

Petitioner also has not demonstrated "cause" for his procedural default in the state courts. He has argued that he placed the reopening "application in the prison mail room well in advance of June 9, 2009," and that the prison's "late mailing" of the application to the state appellate court constitutes sufficient "cause" to excuse the untimely filing. (Doc. 13, p. 6; *see also* Doc. 8, Ex. 29). However, contrary to petitioner's contention, in the "Affidavit Of Verity" portion of the reopening application, which was executed and notarized on June 10, 2009, petitioner avers that he placed the application in the "prison mail box" on June 10, 2009, one day *after* the 90-day had expired. (*See* Doc. 8, Ex. 25). Therefore, petitioner's "cause" argument is unavailing.

Accordingly, in sum, in the absence of a showing of cause for petitioner's procedural default in the state courts or that a fundamental miscarriage of justice will occur if the defaulted claim is not considered herein, the Court concludes that petitioner has waived the ineffective assistance of appellate counsel claim alleged in Ground Two of the petition. The claim, which is barred from review by this Court, is subject to dismissal with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's request for an evidentiary hearing, which is contained in his reply to respondent's return of writ (Doc. 13), be **DENIED**.

2. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1)

be **DENIED** with prejudice.

3.  A certificate of appealability should not issue with respect to the claim alleged in Ground Two of the petition, which this Court has concluded is waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[4]  A certificate of appealability also should not issue with respect to the claim alleged in Ground One, which has been addressed on the merits herein, in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented therein are "adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/14/2011

cbc

Karen L. Litkovitz
United States Magistrate Judge

---

[4]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in Ground Two. *See Slack,* 529 U.S. at 484. Nevertheless, because the petitioner's underlying claim of error alleged in Ground One is belied by the record, it is further noted that "jurists of reason" would not find it debatable whether petitioner has stated a viable constitutional claim in Ground Two of the denial of effective assistance by appellate counsel in failing to raise the claim alleged in Ground One on appeal.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DESCO STRICKLAND,
    Petitioner

Civil Action No. 1:09-cv-940

vs

Bertelsman, J.
Litkovitz, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (*Printed Name*)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Desco Strickland 567645<br>Chillicothe Corr. Inst.<br>Po Box 5500<br>Chillicothe, OH 45601 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 3150 0000 8389 0996 |

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

1:09cv940 (Doc. 15)